# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANTONIO WORRELL, | : | |
| Petitioner | : | Civil Action No. 07-328 (RBW) |
| | : | Judge Reggie B. Walton |
| v. | : | |
| | : | |
| JOHN CAULFIELD, | : | |
| Respondent | : | |

## UNITED STATES' OPPOSITION TO THE PETITIONER'S
## PETITION FOR A WRIT OF HABEAS CORPUS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the petitioner's pro se petition for a writ of habeas corpus in which the petitioner challenges the calculation of his sentences in Superior Court Case Nos. F4722-79, 9525-77, F5190-79, and F5212-94. In support of his petition, the petitioner claims that the Federal Bureau of Prisons has treated these sentences as consecutive to other sentences instead of as concurrent sentences. Because the petitioner's sentences in 9525-77 and F5190-79 were properly considered as consecutive sentences to F4722-79 and because the Federal Bureau of Prisons has calculated the sentence in F5212-94 as a concurrent sentence, the petitioner's petition for a writ of habeas corpus should be summarily denied.

### PROCEDURAL HISTORY

On November 9, 1979, the petitioner, Antonio Worrell, was originally sentenced in Superior Court of the District of Columbia Case No. F4722-79 to a term of 16 months to 4 years' incarceration for the offense of unauthorized use of motor vehicle (UUV). See Exhibit A (D.C. Department of Corrections Face Sheet). On January 24, 1980, the petitioner's probation was revoked in Superior Court Case No. 9525-77 and he was sentenced to 0-12 years' incarceration,

to run consecutive, for the offense of second degree burglary. <u>See</u> Exhibit B (Judgment and Commitment Order for Case No. 9525-77). On April 23, 1980, the petitioner was sentenced in F5190-79 to a term of 5 to 15 months' incarceration, to run consecutive, for the offense of UUV. <u>See</u> Exhibit C (Judgment and Commitment Order for F5190-79). On April 29, 1980, an amended Judgment and Commitment Order was issued in F4722-79 and the petitioner was sentenced again to a term of 16 months to 4 years' incarceration. <u>See</u> Exhibit D (Amended Judgment and Commitment Order for F4722-79). The petitioner was paroled on August 3, 1981, with a full-term date of October 12, 1996.  <u>See</u> Exhibit E (Certificate of Parole).

While on parole, the petitioner committed a new crime and was sentenced on July 19, 1982, to a term of 18 months to 6 years' incarceration for second degree burglary in F654-82. <u>See</u> Exhibit F (D.C. Department of Corrections Face Sheet). The D.C. Board of Parole revoked the petitioner's parole on August 27, 1982.  <u>See</u> Exhibit G (Order). The petitioner was re-paroled on December 2, 1983, with a recalculated full-term sentence date of October 11, 1997. <u>See</u> Exhibit H (Certificate of Parole).

The petitioner engaged in new criminal activity outside the District of Columbia. He was sentenced on January 21, 1986 to an aggregate term of 18 years' incarceration by the State of North Carolina on charges of accessory after murder and several counts of possession of stolen property.  <u>See</u> Exhibit I (Letter dated 11/3/87). Upon the petitioner's release from North Carolina custody, his parole was revoked by the D.C. Board of Parole on January 28, 1992. <u>See</u> Exhibit J (Notice of Board Order). The petitioner escaped from custody and, on July 25, 1994, the petitioner was convicted in Superior Court Case No. F5212-94 and sentenced to a term of 90 days' incarceration, to run concurrently, for the offense of attempted prison breach. <u>See</u> Exhibit

K (Judgment and Commitment Order for F5212-94). On September13, 1996, the petitioner was sentenced in F10693-95 to a term of 6 to 18 months' incarceration for the offense of escape. See Exhibit L (Replicated Case Information System) and Exhibit M at p. 2 (D.C. Local Revocation Prehearing Assessment).

Th petitioner was re-paroled to a detainer from the State of North Carolina on May 8, 1998, with a full-term date of January 8, 2006 and was subsequently released. See Exhibit N (Certificate of Parole). The petitioner failed to report for supervision, and he was eventually re-arrested on June 12, 2002, for carrying a pistol without a license, being a felon in possession of a firearm, possessing an unregistered firearm, and unlawful possession of ammunition. See Exhibit O (Report of Alleged Violation(s)). On February 23, 2005, the U.S. Parole Commission issued a parole violator warrant charging the petitioner with violating the conditions of his parole. See Exhibit P (Warrant).[1] The petitioner's parole was subsequently revoked and he is currently serving the remainder of his sentences in F4722-79, 9525-77, F5190-79, F654-82 and F10693-95, with a re-calculated full-term sentence date of June 13, 2013. See Exhibit Q (BOP Sentence Monitoring Computation Data).

## ARGUMENT

The petitioner has filed this petition for writ of habeas corpus contending that the Federal Bureau of Prisons has erroneously calculated his sentences in F4722-79, 9525-77, F5190-79, and F5212-94, by treating them as sentences that are to be served consecutively to other sentences

---

[1]The petitioner was transferred from the D.C. Board of Parole to the jurisdiction of the U.S. Parole Commission pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law No. 105-33, §11231(a)(1), 111 Stat. 712, 745 (effective August 5, 1998); D.C. Code §24-131 (formerly § 24-1231).

instead of properly treating them as concurrent sentences.[2] The petitioner's argument that his

sentence in F4722-79 should be treated as a concurrent sentence is based on a factual mistake.

The sentence in F4722-79 was the first sentence imposed, not the second, because the petitioner

was originally sentenced in F4722-79 on November 9, 1979. Therefore, the sentence received on

January 24, 1980 in 9525-77 and the sentence received on April 23, 1980 in F5190-79 were both

subsequent to the petitioner being sentenced in F4722-79. Accordingly, the petitioner's sentences

in 9525-77 and F5190-79 were properly treated as consecutive to the sentence he was serving in

F4722-79.

     Moreover, there is no merit to the petitioner's argument that, if a Judgment and

Commitment Order is silent as to whether a sentence is concurrent or consecutive, the sentence

should be treated as a concurrent sentence. Pursuant to D.C. Code § 23-112, when a commitment

order is silent as to whether the sentence in consecutive or concurrent, the sentence shall run

consecutively.[3] In addition, contrary to the petitioner's claim, the Federal Bureau of Prisons and

---

[2]The petitioner also appears to contend that his sentence in 9525-77 violated his plea agreement. However, the petitioner acknowledges that his probation was revoked in this case and thus the terms of the plea agreement would no longer be in effect.

In any event, this argument must be brought as a motion pursuant to D.C. Code § 23-110 in Superior Court of the District of Columbia as attacking the validity of the conviction, rather than the instant habeas petition which properly challenges the execution of a sentence. Individuals serving sentences imposed by Superior Court generally may not use 28 U.S.C. §§ 2241 or 2254 to challenge the validity of a conviction or sentence (as distinguished from challenging how a sentence is executed). Instead, these individuals (such as the petitioner) must pursue any post-conviction relief in Superior Court under D.C. Code § 23-110. See Byrd v. Henderson, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (per curiam) ("Since passage of the Court Reform Act. . . a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court–the Superior Court–pursuant to D.C. Code § 23-110.").

[3]D.C. Code § 23-112 states: "A sentence imposed on a person for conviction of an offense shall, unless the court imposing such sentence expressly provides otherwise, run consecutively to any other sentence. . .".

the D.C. Department of Corrections have treated his 90 day sentence in F5212-94 as a concurrent

sentence. <u>See</u> Exhibit R (Declaration of Augustus Faller), Exhibit S (BOP Independent Sentence

Computation) and Exhibit T (D.C. Department of Corrections Face Sheet).

## CONCLUSION

In sum, given that his sentences in 9525-77 and  F5190-79 were properly treated as

consecutive sentences to the sentence in F4722-79 and because his sentence in F5212-94 has

been calculated as a concurrent sentence, the petitioner's challenge to the calculation of his

sentences in F4722-79, 9525-77, F5190-79, and F5212-94 is without merit and his petition for a

writ of habeas corpus should be summarily denied.

_____A proposed order is attached.

<div style="margin-left:50%">

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar Number 498-610

/s/ Robert D. Okun
ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Division
D.C. Bar Number 457-078

/s/ Sherri L. Berthrong
SHERRI L. BERTHRONG
Assistant United States Attorney
D.C. Bar No. 249-136
Sherri.Berthrong@usdoj.gov
Special Proceedings Division
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530
(202) 514-6948

</div>

-5-

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the United States' Opposition has been filed electronically with the Court and served by mail upon the petitioner, Antonio Worrell, Fed. Reg. No. 14567-057, FCI Gilmer, Federal Correctional Institution, P.O. Box 6000, Glenville, WV 26351, this 18th day of April, 2007.

<div style="text-align: right">

/s/ Sherri L. Berthrong

Sherri L. Berthrong
Assistant United States Attorney

</div>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ANTONIO WORRELL,** | : | |
| **Petitioner** | : | **Civil Action No. 07-328 (RBW)** |
| | : | **Judge Reggie B. Walton** |
| **v.** | : | |
| | : | |
| **JOHN CAULFIELD,** | : | |
| **Respondent** | : | |

## ORDER

Upon consideration of the Petitioner's Petition for a Writ of Habeas Corpus, United

States' Opposition to the Petitioner's Petition for a Writ of Habeas Corpus, and for the reasons

stated in the United States' Opposition, it is hereby

**ORDERED** that the show cause order as to the United States is discharged, and that

Petitioner's Petition for a Writ of Habeas Corpus is **DENIED**.

**SO ORDERED** this _____ day of _____, 2007.

_____
Reggie B. Walton
U.S. District Court Judge

Copies to:

Antonio Worrell
Fed. Reg. No. 14567-057
FCI Gilmer
Federal Correctional Institution
P.O. Box 6000
Glenville, WV 26351

Sherri L. Berthrong
Assistant United States Attorney
Special Proceedings Division
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530

**EXHIBIT A**

Form 19 DCDC 7-7

**DISTRICT OF COLUMBIA**
**DEPARTMENT OF CORRECTIONS**
**FACE SHEET No. 2**

Date
Prepared
4/28/80
(Mo., Da., Yr.)

| DCDC Number | Name (Last, First, Middle) | | | | | Race | Sex |
|---|---|---|---|---|---|---|---|
| 198282 | WORRELL, ANTONIO | | | | | B | M |
| Height | Weight | Build | Eyes | Hair | Age | Birth Date | Place of Birth |
| | | | | | '80 JUN 23 AM 9:58 | | |

| Offense | TOTAL SENT: 21 mos to 17 yrs 3 mos less 118 days | | |
|---|---|---|---|
| | ADW | BURG II | ADW |
| Case Number | F4722-79C | 9525-77B | 5190-79D |
| Sentence (Yrs., Mos., Days) | 18 mos/5 yrs | 6 mos/12 yrs conse. | 5/15 not consec. |
| Warrant Executed / Sentence Begins (Mo., Da., Yr.) | 11/3/80 | 1/24/80 | x 4/23/80 |
| Full Term Date (Mo., Da., Yr.) | | | 10/12/96 |
| Short Term / M.R. Date (Mo., Da., Yr.) | | | 2/11/91 |
| Parole Eligibility Date (Mo., Da., Yr.) | | | 4/11/81 |
| Max. Supervision Date (Mo., Da., Yr.) | | | 4/15/93 |
| Statutory Good Time Rate / Month | | | 10 DD |
| Plea | | G | G |
| Committing Judge | Pratt | Sorrell | |
| Defense Attorney | | | |
| Initialed By: | | | |

| DETAINERS | | | CONDUCT CREDITS | | | | |
|---|---|---|---|---|---|---|---|
| Date Filed | For | Action | Date | Credits | Forfeit | Restore | Balance |
| | | | | | | | |
| | | | | | | | |

| JAIL CREDIT DATES | | REMARKS | |
|---|---|---|---|
| From and Including | To and Including | | |
| | | | |
| | | | |

PINK COPY TO ADP

**EXHIBIT B**

RECEIVED
RECORD OFFICE
DCDF ANNEX

03-70

190288

'00 JAN 29 A1 53

## Superior Court of the District of Columbia

DISTRICT OF COLUMBIA
DEPT OF CRIMINAL DIVISION

*Maurician Worrell*

### JUDGMENT AND COMMITMENT ORDER

United States of America                    Case Number 9525028

vs                                          PDID Number 263 038

*Antonio Worrell*

. . . . . .

WHEREAS the above-named defendant having entered a plea of

☐ Not Guilty                    ☑ Guilty

to the charge(s) of ___ B) *Burglary II* _____

_____

_____

and having been found guilty by

☐ Jury                    ☑ the Court

and a pre-sentence investigation and report having been

☑ prepared and considered              ☐ not requested

IT IS HEREBY ADJUDGED that the defendant has been convicted of and is guilty of the offense charged.

The defendant having been given an opportunity to make a statement in his own behalf, and counsel having had the opportunity to reply thereto, it is hereby

ORDERED that the defendant be committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of

*Sentence Reduced to the Minimum to 0.3 months to (12) twelve years. Sentence Run Consecutive With any other sentence Being Serve*

IT IS FURTHER ORDERED that the Clerk or his Deputy deliver a true copy of this order to the United States Marshal and that the copy shall serve as the commitment of the defendant

_____ Judge

A TRUE COPY OF THIS ORDER DELIVERED TO THE U.S. MARSHAL OR HIS

1/29/00                                        _____
Date                                           Deputy Clerk

**<u>EXHIBIT C</u>**

Ø004

## Superior Court of the District of Columbia

### CRIMINAL DIVISION

### JUDGMENT AND COMMITMENT ORDER

United States of America

vs

Antonio Worrell

LJ-112

Rec

Case Number F-5190-79

PDID Number 263-697

WHEREAS the above-named defendant having entered a plea of

☐ Not Guilty          ☒ Guilty

to the charge(s) of *Unauthorize Use of A vehicle*

and having been found guilty by

☐ Jury          ☒ the Court

and a pre-sentence investigation and report having been

☒ prepared and considered          ☐ not requested

IT IS HEREBY ADJUDGED that the defendant has been convicted of and is guilty of the offense(s) charged.

The defendant having been given an opportunity to make a statement in his own behalf, and the government having had the opportunity to reply thereto, it is hereby

ORDERED that the defendant be committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of

*Not less Than Five (5) Months Nor more*
*Than Fifteen (15) Months To Run Consecutive*
*To Any Sentence Presently Being Serve*

IT IS FURTHER ORDERED that the Clerk or his Deputy deliver a true copy of
this States Marshal and that the copy shall serve as the commitment of the defendant

A TRUE COPY OF THIS ORDER DELIVERED TO THE U.S. MARSHAL OR HIS DEPUTY

4-23-80
Date

_____
Deputy Clerk

**<u>EXHIBIT D</u>**

*In Jail*   1900
*Amended Commitment*

## Superior Court of the District of Columbia

### CRIMINAL DIVISION

### JUDGMENT AND COMMITMENT ORDER

*Complot*

United States of America

vs

ANTONIO WORRELL

AKA MAURICE WHITE

Case Number _F4722-79E_

PDID Number _263-694_

WHEREAS the above-named defendant having entered a plea of

☐ Not Guilty        ☑ Guilty

in the charge(s) of _"E" Unauthorized Use of a_
_Motor Vehicle_

and having been found guilty by

☐ Jury        ☑ the Court.

and a pre-sentence investigation and report having been

☐ prepared and considered        ☑ not requested

IT IS HEREBY ADJUDGED that the defendant has been convicted of and is guilty of the offense(s) charged.

The defendant having been given an opportunity to make a statement in his own behalf, and the government having had the opportunity to reply thereto, it is hereby

ORDERED that the defendant be committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of

(16) sixteen months to (4) four years
Deft given credit for time served
Case # F1982-79 (April 7, 1979 thru Apr 11, 1979)

IT IS FURTHER ORDERED that the Clerk or his Deputy deliver a true copy of this order to the United States Marshal and that the copy shall serve as the commitment of the defendant.

April 29 1978          Bartis 28-81
Date                   Judge

A TRUE COPY OF THIS ORDER DELIVERED TO THE U.S. MARSHAL OR HIS DEPUTY

April 29   1978          Full Paddie
Date                     Deputy Clerk

A-3
DEPUTY    U.S. MARSHAL

**EXHIBIT E**



PH-16
(Revised 1/74)

# BOARD OF PAROLE

## DISTRICT OF COLUMBIA

## CERTIFICATE OF PAROLE

BOARD OF PAROLE
RECEIVED
AUG 5
D. C.

### ADULT

### CCC#3

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that

Worrell, Antonio _____ D.C.D.C. 190 288 is eligible to be

PAROLED, and it being the opinion of the BOARD OF PAROLE that the above named will

remain at liberty without violating the law and that the release of the individual to supervision is

not incompatible with the welfare of society, it is ORDERED by the BOARD that the above

named be PAROLED on ___August 3___, 19 81, and that said person remain under

supervision within the limits of the ___Metro Area___ (including the District of

Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties

of Virginia; including the cities of Alexandria, Fairfax and Falls Church, Virginia) until

___October 12___, 19 96; unless or until other action is taken by the District of

Columbia BOARD OF PAROLE.

This action is subject to the above named individual's executing said certificate and agree-

ing to abide by and comply fully with all of the conditions of parole as shown on the reverse side

of this CERTIFICATE.

Given under the hands and seal of the BOARD this ___30th___ day

of ___March___, 19 81

The above-named was released on
3 day of _August 1981_,
1981.

_[signature]_
Administrator

## STATEMENT OF THE CONDITIONS UNDER WHICH YOUR PAROLE IS GRANTED

This certificate of parole shall not become operative until the following conditions are agreed to by you.

1. I will report immediately upon my release to __614 "H" St., N. W.__
   Department of Corrections, Room __1003__, for my final instructions.

2. I will not go outside the parole limits fixed in the certificate of parole without first obtaining the approval of my Parole Officer.

3. I will not visit or frequent any illegal establishments including places where alcoholic beverages are unlawfully sold, dispensed or used.

4. I will not illegally possess, use, sell, or purchase any narcotic drug, controlled dangerous substance or related paraphernalia. Nor will I frequent or visit places where any narcotic drug, controlled substance or related paraphernalia are illegally sold, dispensed, used or given away.

5. I will not own, possess, use, sell or have under my control any deadly weapon or firearms.

6. I will make diligent efforts to find and maintain legitimate employment and will support myself and legal dependents to the best of my ability.

7. I will keep my Parole Officer informed at all times as to where I reside and work; and that in the event I lose my employment or change my place of residence, I will immediately notify my Parole Officer.

8. I will not enter into any agreement to act as an informer or special agent for any law enforcement agency.

9. I will obey all laws and will personally report to my Parole Officer, at my earliest opportunity, any arrest or other involvement with law enforcement authorities.

10. I will cooperate fully with the Board and those responsible for my supervision. I will carry out the instructions of my Parole Officer and report as he directs and failure to do so may, in the discretion of the Board of Parole be sufficient to cause my return to the institution.

I have read or had read to me the conditions of my release and understand that my failure to comply with anyone of them may be considered a violation of my release for which I am subject to be returned as a violator.

| _Antonio Wheeler_ | _190-388_ | _8/3/81_ |
|---|---|---|
| Signature of Parolee | DCDC | Date |
| _Preston P. Cason_ | _Correctional Counselor_ | _8/3/81_ |
| Signature of Witness | Title | Date |

(Revised January 1974)

**EXHIBIT F**

Form 1st DC 7-70
IDPS 703

**DISTRICT OF COLUMBIA**
**DEPARTMENT OF CORRECTIONS**
**FACE SHEET No. 2**

Date Prepared
7-28-82
(Mo., Da., Yr.)

| DCDC Number | Name (Last, First, Middle) | | | | | | Race | Sex |
|---|---|---|---|---|---|---|---|---|
| 190288 | WORRELL, ANTONIO M. | | | | | | B | M |

| Height | Weight | Build | Eyes | Hair | Age | Birth Date | Place of Birth |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| | | | |
|---|---|---|---|
| Offense | BURG #2 | | |
| Case Number | F654-82B | | |
| Sentence (Yrs., Mos., Days) | 18 MOS TO 6 YEARS | | |
| Warrant Executed / Sentence Begins (Mo., Da., Yr.) | 7-19-82 | | |
| Full Term Date (Mo., Da., Yr.) | 2-1-88 | | |
| Short Term / M.R. Date (Mo., Da., Yr.) | 7-5-86 | | |
| Parole Eligibility Date (Mo., Da., Yr.) | 8-3-83 | | |
| Max. Supervision Date (Mo., Da., Yr.) | 8-5-87 | | |
| Statutory Good Time Rate / Month | 576 | | |
| Plea | | | |
| Committing Judge | | | |
| Defense Attorney | | | |
| Initialed By: | | | |

### DETAINERS

| Date Filed | For | Action |
|---|---|---|
| 2-5-82 | D.C. PAROLE BOARD | |
| | | |
| | | |

### CONDUCT CREDITS

| Date | Credits | Forfeit | Restore | Balance |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

### JAIL CREDIT DATES

| From and Including | To and Including |
|---|---|
| 2-1-82 | 7-18-82 = 168 |

### REMARKS

YELLOW COPY TO ADP

C

**EXHIBIT G**

PB-3
REV. 8 - 81

GOVERNMENT OF THE DISTRICT OF COLUMBIA
**BOARD OF PAROLE**
WASHINGTON, D.C. 20001

# Order



*Name* Worrell, Antonio

*DCDC Number* 190 288

*Institution (or status and PO)* Jail

The case of the above named person has come to the attention of the Board of Parole with reference to:

☐ Early parole hearing              ☐ Warrant request
☐ Initial parole hearing            ☐ Detainer review
☐ Parole rehearing / IRH            ☐ Personal appearance
☐ Preliminary revocation hearing    ☐ Work release violation
☑ Revocation hearing               ☐ Information

☐ Other: _____

REMARKS: *Violation of conditions 9*

RECOMMENDATION OF ANALYST / EXAMINER _____

The Board of Parole has examined the relevant information in this case and hereby orders the following action:

*Revoke. Rehear August, 1983.*

*Date* 8-27-82    District of Columbia Board of Parole:

Bernice J. T

Chairman
D. Albion Ferrell

Reason for the above action (where applicable): _____

_____ (N / A date 7/3/82 by _____ )

US PAROLE COMMISSION                                                                    ☑010

GOVERNMENT OF THE DISTRICT OF COLUMBIA

# BOARD OF PAROLE

ROOM 503

614 H STREET. N. W.

WASHINGTON. D. C.  20001



## ORDER OF REVOCATION

RE:    ~~Worrell, Antonio~~

DCDC#   ~~190 288~~

Having heard the case of the above-named and having ascertained
through investigation and evidence satisfactory to the Board
that the following conditions of Parole heretofore granted (or
Mandatory Release imposed by Law) have been violated:

~~#9 New sentence 18 mos. to 6 years~~

And then after giving consideration to other available options
for action but finding that such are not now indicated, the
Board directs that the Parole/Mandatory Release heretofore
granted be revoked.

SO ORDERED BY:

D. C. BOARD OF PAROLE

DATE:    3-27-82

**EXHIBIT H**

P2-18
(Revised 10/81)

# BOARD OF PAROLE
## DISTRICT OF COLUMBIA
## CERTIFICATE OF PAROLE

```
BOARD OF PAROLE
RECEIVED

DEC     P.M.

D. C.
```

### ADULT

### C#3

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that
Worrell, Antonio _____ D.C.D.C. __190 288__ is eligible to be
PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will
remain at liberty without violating the law and that the release of the individual to supervision
is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-
named be PAROLED on ___December 2___, 19_83_, and that said person remain under
supervision within the limits of the _____Metro Area_____ (including the District of
Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax
Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia)
until ___October 11___, 19_97_; unless or until other action is taken by the District
of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide
by and comply with all of the conditions of parole as shown on the reverse side of this
CERTIFICATE.

Given under the hands and seal of the BOARD this _____30th_____ day
of ___August___, 19_83_

The above-named was released on
the _2_ day of _Dec_, 19_3_.

_____
Administrator

_E_

81—P58C4

## STATEMENT OF THE CONDITIONS UNDER WHICH YOUR PAROLE IS GRANTED:

1. I will report immediately upon my release to ___1430 "G" St., N. E.___
   Department of Corrections, Room _____, for my final instructions.

2. I will not go outside the parole limits fixed in the Certificate of Parole without first obtaining the approval of my Parole Officer.

3. I will not visit or frequent any illegal establishments including places where alcoholic beverages are unlawfully sold, dispensed or used.

4. I will not illegally possess, use, sell, or purchase any narcotic drug, controlled dangerous substance or related paraphernalia. Nor will I frequent or visit places where any narcotic drug, controlled substance or related paraphernalia is illegally sold, dispensed, used or given away.

5. I will not own, possess, use, sell or have under my control any deadly weapon or firearms.

6. I will make diligent efforts to find and maintain legitimate employment and will support myself and legal dependants to the best of my ability.

7. I will keep my Parole Officer informed at all times as to where I reside and work; and, in the event that I lose my employment or change my place of residence, I will immediately notify my Parole Officer.

8. I will not enter into any agreement to act as an informer or special agent for any law enforcement agency.

9. I will obey all laws and will personally report to my Parole Officer, at my earliest opportunity, any arrest or other involvement with law enforcement authorities.

10. I will cooperate fully with the Board and those responsible for my supervision. I will carry out the instructions of my Parole Officer and report as directed, knowing that failure to do so may, at the discretion of the Board of Parole, be sufficient to cause my return to the institution.

I have read or had read to me the conditions of my release and understand that my failure to comply with any one of them may be considered a violation of my release for which I am subject to be returned as a violator. I hereby agree to abide by and comply with all of the conditions of parole as stated above.

| _Antonio Worrell_ | _180-588_ | _12-2-83_ |
|---|---|---|
| Signature of Parolee | D.C.D.C. | Date |

| _W. L. Hopkins_ | _Sr. Counselor_ | _12-2-83_ |
|---|---|---|
| Signature of Witness | Title | Date |

**EXHIBIT I**



JAMES G. MARTIN
Governor

AARON J. JOHNSON
Secretary

JOHN G. PATSEAVOURAS
Director

**NORTH CAROLINA
DEPARTMENT OF CORRECTION**
DIVISION OF PRISONS

Southern Correctional Center
Post Office Box 786
Troy, North Carolina  27371
November 3, 1987

Linda Smith, Parole Analyst
District of Columbia Board of Parole
1111 E. Street, N.W. Suite 600
Washington, DC  20004

Dear Ms. Smith:

The follow information is presented in response to your letter of
October 7, 1987 requesting a progress report on Antonio Worrell.

Worrell was admitted to the North Carolina Division of Prisons on
January 21, 1986 to serve a total of 19 years following convictions for
Accessory after Murder and multiple counts of Possession of Stolen Property.
Upon conclusion of his initial processing, Worrell was assigned to Eastern
Correctional Center. His adjustment at that facility was negatively charac-
terized by major rule violations for physical assault on another inmate
on July 29, 1986 and disobeying a standing order on September 12, 1986.
Additionally, he was convicted of yet another major rule violation at
Eastern Correctional Center involving the mailing of a letter containing
derogatory remarks to a female staff member on October 30, 1986.  Following
this rule violation, he was transferred to Southern Correctional Center
on November 18, 1986.

Initially, Worrell was given an assignment to the Food Service Section
at this institution but later quit this job and was reassigned in a jani-
torial position.  Rule violations at Southern Correctional Center include
directing contemptuous remarks to a staff member on July 2, 1987 and, more
recently, assaulting another inmate on September 21, 1987.  During this
last assault, the victim sustained considerable injuries and Worrell is
currently on Administrative Segregation pending review by classification
authorities for long-term assignment to Administrative Segregation or
Maximum Custody.

In summary, Worrell has failed to demonstrate the ability to maintain
positive adjustment over any extended period of time.  His overall record


F

-2-

of adjustment does not warrant favorable action. At this point, after approximately two years on this term of confinement, he remains in Close Custody with a projected release date of June 25, 1994.

I trust that this information will be helpful to you in evaluating the case of Antonio Worrell.

Sincerely,

Michael E. Bumgarner
Superintendent IV

MEB/tc

cc:   Director's Office
      Unit Jacket
      Area Jacket
      file

**EXHIBIT J**




# The Board of Parole
## of the
# District of Columbia
## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

DCDC 190-288                **NAME** ANTONIO WORRELL

DOB ▮▮▮▮▮▮▮           **SSN** ▮▮▮▮▮▮           **LOCATION** MEDIUM

DOCKET H9201-0046      **CONSIDERATION TYPE** H:REVOCATION

The District of Columbia Board of Parole issues the following **ORDER**:

REVOKE PAROLE FOR CRIMINAL AND NONCRIMINAL VIOLATIONS,
CONSIDER FOR REPAROLE BY 10/18/1993

Implementation of this Order shall include the following:
Special Instructions for Reconsideration

PROGRAM PARTICIPATION

Remarks:

_1/27/92_

01/23/1992
**Date**

_Epias Athyman_ = 3

**Chairman**
on behalf of the Board of Parole

Seal

NOA Date _1-28-92_ by _YB_                [ Parole Determination File ]

H

**EXHIBIT K**

*IN JAIL*          *190288*  MAX

### SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

*Amended*
*Point Corrected*

United States of America
District of Columbia

vs.

*Antonio Worrell*

Case No. *F5212-9X1*
PDID No. *263-694*

*Max PD*

### JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of _____ *Attempted Prison Breach*

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _____ *Ninety Days to run Concurrent to another Sentence*

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☒ MANDATORY MINIMUM term does not apply.

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

   ☐ Observe the general conditions of probation listed on the back of this order.

   ☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

   ☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

   _____

   ☐ Restitution of $_____ in monthly installments of $_____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to _____

   ☐ _____

Costs in the aggregate amount of $ *10* have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☒ have not been paid. *To be deducted*

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

*7/25/9X*
Date

*Reggie B____*
Judge

Certification by Clerk pursuant to Criminal Rule 82(d).

*7/25/9X*
Date

By _____

*7/25/9X*

*____ Jackson*
Deputy Clerk

*10 20*

Form CRIM-____

**EXHIBIT L**

# Case Inquiry Screen
04/08/2007

**DOCKET #:** 1995FEL010693        **DCTN #:** USP954368

| | |
|---|---|
| **Defendant:** WORRELL, ANTONIO N | **SSN:** ████ **ARR#:** |
| **aka:** | B M '" lbs **DOB:** ████ **PDID:** 263-694 |
| **AUSA:** | **Intake:** **FBI:** |
| **Offense:** on        at | **CCN:** |
| **Arrest:** on        at | **Bond:** |
| **by Ofc.:** | |
| **Judge:** TIGNOR, ROBERT S | **RIP Ofc.:** |
| | **Defense:** JONES, DORSEY |

---

## CASE SUMMARY

**EVENTS**                Event                          Date              Result
**Last:**
**Future:**

**RELEASE CONDITIONS/BOND**

**SC Bond:**                            **Release Status:** Prsnl Recog
**Condition:**                          **Comments:**
**Case Disp:** Plea - Judgment Guilty        **Disp Dt:** 05/30/1996        **Case File Dt:** 12/21/1995

## CASE COUNTS

**COUNT:** 1 - ESCAPE FROM INSTITUTION - 2706                    **Judge:** TIGNOR, ROBERT

| Enhancements | Attempts/Other | Weapons/Drugs |
|---|---|---|
| | | |

**File date:** 12/21/1995        **Indictment Date:** 12/21/1995        **Trial Type:**        **Phase:** CRT
**Disposition:** Found Guilty - Plea        **Disposition Date:** 05/30/1996

| | | |
|---|---|---|
| **CONFINEMENT    Type:** | **Min:** | **Max:** |
| **Sentenced:** | | **Suspended:** |
| **SUPERVISED RELEASE:** | **Suspended?** No | |
| **COMMUNITY SERVICES/FINES** | **Svc Hrs:** | **Restitution Amt:** 0    **Fine Amt:** 0 |
| **PROBATION    Type:** | | **Reinstmnt Dt:**    **Revoctn Dt:** |
| **Cond. of Prob:** | | |

**EXHIBIT M**



## D.C. Local Revocation Prehearing Assessment

Name.........: **WORRELL, ANTONIO**
Reg Number.: **14567-057**
Birth Date...: ██████████
DCDC Number: **190-288**

## Prehearing Parameters
    Date.....................................: 05/24/2006
    Examiner.............................: Otis Thomas
    Location.............................: CTF (or DC Jail)

## Warrant Parameters
    Supervision Type...............: Parole
    Supervision District..............: District of Maryland 1 - Main (Baltimore)
    Warrant/Summons...............: Warrant
    Warrant Executed.................: 04/06/2006
    Probable Cause Found............: 04/11/2006
    Revocation Hearing Deadline....: 06/09/2006

## Sentence Parameters
    Adult / Youth....................: Adult
    Jail Credit (days)..................: 0
    In-Operative Time (days).........: 0
    MR Date (2/3)......................: 12/01/2011
    Full Term Date......................: 12/06/2013
    GL Credit (months)................: 0
    GL Months in Custody...............: 0    as of 06/04/2006
    GL Months at Projected MR.......: 0
    Detainer............................: None

## Additional Text regarding the above parameters:

*The Subject has been in custody for 30 months as of 9/20/06*

## Previous Commission Action:
The subject was initially sentenced to an aggregate 21-months to 17 years and 3 months, less 119 days, for UUV, Burglary II, and UUV. He was paroled on 4/3/81.

The DCBOP issued an arrest warrant on 2/5/82, for an arrest for Burglary II, which was lodged as a detainer. On 7/19/82, the subject was sentenced to 18 months to 6 years for Burglary II. The warrant was executed on 8/2/82. The DCBOP revoked his parole on 9/3/82, and schedule a rehear in 8/83. The subject was paroled on 12/2/83

The DCBOP issued an arrest warrant as a detainer for criminal and non-criminal violations. (2 Counts of Felony Possession of Stolen Property, and Accessory After Murder). He was sentenced in Troy North Carolina to 18-years on 1/21/86. The DCBOP revoked the subject's parole on 1/28/92. On 8/3/93, the subject escape from the



Effect Program. On 5/18/94, DCBOP denied re-parole. On 7/25/94, the subject was convicted of Prison Breach, and sentenced to 90-days. On 5/3/95, the DCBOP set aside re-parole grant of 12/2/94, pending rescission hearing. On 4/15/96, the subject's parole was rescinded and a reconsideration hearing by 10/23/96. On 9/13/96, the subject convicted of Escape, and sentenced to 6-18 months. He was granted parole on 5/8/98.

**Violations of Conditions of Release:**

    **Charge Number:    1**
    Offense:................................. **Law Violation. Uttering False Document.**
    Violation Behavior:............... On 8/30/2000, the releasee attempted to purchase $202.30 worth of merchandise from Target using a fraudulent check and fraudulent identification in the name of Argentina Clark. The releasee was arrested by the P.G. Count, Maryland Police for the above-cited offense. This charge is based on the information contained in the collateral response dated 6/18/2003 from USPO Karen Tavik and statement of charges dated 8/30/2000. Status of Custody/Criminal Proceedings: Nolle prossed 11/15/2002

    **Charge Number:    2**
    Offense:................................. **Law Violation. Assault with a Deadly Weapon (Knife).**
    Violation Behavior:............... On 8/5/2001, the releasee stabbed the victim in his chest, stomach and left arm. The victim was flown to P.G. County Hospital in critical condition. The releasee was arrested by the P.G. County, Maryland Police for the above-cited offense on 10/7/2002.

                                10/07/02 ⟹ 01/09/03

    This charge is based on the information contained in the collateral response dated 6/18/2003 from USPO Karen Tavik and statement of charges dated 8/20/2001. Status of Custody/Criminal Proceedings: Nolle prossed 1/9/2003.

    **Charge Number:    3**
    Offense:................................. **Law Violation. a) Possession of a Firearm by a Convicted Felon** 1º oT
    **(Conviction); b) Fraudulent Possession of Identification Documents (Conviction).** 6/12/02 - 9/30/02
                                    01/23/03 ⟹ 03/20/04    3 month 18 day
                                             2/17/04 - 2/21/06
    **Violation Behavior:............... On 12/21/2001, the releasee purchased $540 worth of merchandise from GUCCI using a fraudulent check and fraudulent identification in the name of William Plummer.**
                                      4/6/06 ⟹ on.

**On 12/26/2001, the releasee purchased $332 worth of merchandise from IKEA using a fraudulent check and fraudulent identification in the name of William Plummer.**

**On 12/31/2001, the releasee purchased $594.61 worth of merchandise from Marlo Furniture using a fraudulent check and fraudulent identification in the name of William Plummer.**

**On 2/15/2002, the releasee purchased $170.74 worth of merchandise from Pottery Barn using a fraudulent check and fraudulent identification in the name of James Samuel.**

**On 2/16/2002, the releasee attempted to purchase $392.45 worth of merchandise from IKEA using a fraudulent check and fraudulent identification in the name of James Small.**

WORRELL, ANTONIO 14567-057                                              

On 6/12/2002 FBI agents executed a search warrant and recovered a .18 caliber Derringer pistol. Agents also recovered 5 identification cards with the subject's picture but with the names of other individuals.

The releasee was arrested for the above-cited offenses on 6/12/2002 and released on bond. On 9/5/2002, the releasee was convicted by the U.S. District Court for the above-cited offenses and placed in a Heightened Supervision Program. On 1/23/2003 bond was revoked. On 8/20/2004 the releasee was sentenced to time served with 3 years supervised release.

This charge is based on the information contained in the violation report dated 7/8/2002 from supervising officer  Calvin Smith, a police report dated 6/12/2002, PSI dated 8/5/2003 and a judgment dated 8/20/2004.

Charge Number:    4
Offense:................................... Failure to Report to Supervising Officer as Directed
Violation Behavior:................ .  The releasee failed to report to the supervising officer on 2/14/2005 & 2/18/2005 as directed.  This charge is based on the information contained in the status report (e-mail) dated 2/23/2005 from supervising officer Calvin Smith.


**Severity:**  Category Seven

**Severity Justification:** Your violation behavior has been rated Category Seven severity because it involved the following Administrative and Criminal offenses: Uttering False Document, Assault With a Deadly Weapon (Knife), Possession of a Firearm by a Convicted Felon, (Conviction) Fraudulent Possession of Identification Documents (Conviction), Failure to Report to Supervision Officer as Directed

## SALIENT FACTOR SCORE  (SFS-98)

SFS Item A =  0    Subject has 6 prior conviction(s)/adjudication(s).

| Date | Offense | Disposition |
|------|---------|-------------|
| 04/06/1979 | Unauthorized Use of an Automobile | 11/9/79 - 16 months to 4-years, paroled on 8/31/81 (1-1); Parole revoked on 8/27/82, paroled on 12/02/83(1-2); Parole revoked on1/23/92, reparoled on 5/8/98. (1-3) |
| 09/14/1979 | Unauthorized Use of an Automobile | 4/23/1980 - 5-15 months, paroled on 8/31/81. (2-3) |
| 02/01/1982 | Burglary II | 7/19/82 - 18 months to 6-years confinement, paroled on 12/2/83. (3-3) (see revocations) *Ekaudit* |
| 05/14/1985 | Accessory After the Fact to Murder, Possession of Stolen Property, Possession of Stolen Vehicle, Possession of Stolen Goods | 1/15/86 - 7-years consecutive to all counts paroled to violator detainer on 10/24/91. (4-3)  {Escape 9/1/93 to 12/21/93} |
| 08/31/1993 (offense date) | Attempted Prison Breach | 7/26/94 - 90-days confinement. (5-4) |

{Escape 9/26/95 to 10/22/95}

| 09/25/1995 (offense date) | Escape From Institution | 6/11/99 - 6-18 months confinement, ESS, 2-years probation. (6-4) |

---

SFS Item B =  0     Subject has  4  commitment(s) of more than 30 days that were imposed prior to the last overt act of the current offense.

SFS Item C =  2     Subject was  45  years old at the commencement of the current offense and had  4  prior commitments.

SFS Item D =  1     06/12/2002 - Date of Current Offense.
                    05/08/1998 - Release to the Community from last commitment

SFS Item E =  0     Subject is a parole/ supervised release violator.

SFS Item F =  1     Sum of Items A-E = 2  and the offender was 45 years old at the commencement of the current offense.

**Salient Factor Score  =  4**

---

**Rescission Behavior(s) :**
The prisoner had no Disciplinary Behavior after the Warrant Execution.

**Re-parole Guidelines (range in months):  78 - 110**

**Rescission Guidelines (range in months):  0 - 0**

**Aggregate Guidelines (range in months):  78 - 110**

**Text to  Describe Any Other Behavior or Remaining Issues:**
None

**Evaluation:**
The subject's parole violation is rated as Category Seven severity, because it involved assault with Deadly Weapon causing serious bodily injury.  It appears that the subject has been in custody on the Possession of a Firearm Conviction since 1/23/2003.  The Examiner should query the subject at the in-person hearing.

**EXHIBIT N**

 

## GOVERNMENT OF THE DISTRICT OF COLUMBIA
### DISTRICT OF COLUMBIA BOARD OF PAROLE
300 INDIANA AVENUE N.W., SUITE 2100
WASHINGTON, DC 20001
(202) 727-0074

# CERTIFICATE OF PAROLE

### ADULT SENTENCE
### Adult Detainer Certificate #21188-98

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that

<u>WORRELL, Antonio  D.C.D.C.# 190-288</u> is eligible to be PAROLED, and it being the opinion

of the BOARD OF PAROLE that the above-named will remain at liberty without violating the law

and that the release of the individual to supervision is not incompatible with the welfare of society,

it is ORDERED by the BOARD that the above-named be PAROLED on <u>May 8, 1998</u>, and that

said person remain under supervision within the limits of the  <u>Moore County, North Carolina</u>

<u>Sheriff's Office Detainer</u>  (~~including the District of Columbia; Prince Georges and Montgomery~~

~~Counties of Maryland; Arlington and Fairfax Counties of Virginia; including the cities of~~

~~Alexandria, Fairfax and Falls Church, Virginia~~) until <u>January 8, 2006</u>; unless or until other action

is taken by the District of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide by and

comply with all of the conditions of parole as shown on the reverse side of this CERTIFICATE.

Pursuant to the BOARD ORDER issued on April 20, 1998.

The above-named was released on the

_____ day of _____,19_____.

_____          _____
        Administrator                                Chairperson

                                              on behalf of the Board of Parole

**If subject is released prior to January 8, 2006**, he must report to PAROLE SUPERVISION, 300
Indiana Avenue, N.W., Room #2132, Washington, D.C. 20002  Telephone #202-727-1646

J

## STATEMENT OF THE CONDITIONS UNDER WHICH YOUR PAROLE IS GRANTED

1.   I will report immediately upon my release to 300 Indiana Avenue Northwest,
     Room 2132 for my final instructions.

2.   I will not go outside the parole limits fixed in the Certificate of Parole without first
     obtaining the approval of my Parole Officer.

3.   I will not visit or frequent any illegal establishments including places where alcoholic
     beverages are unlawfully sold, dispensed or used.

4.   I will not illegally possess, use, sell or purchase any narcotic drug, controlled dangerous
     substance or related paraphernalia.
     Nor will I frequent or visit places where any narcotic drug, controlled substance or related
     paraphernalia is illegally sold, dispensed, used or given away.

5.   I will not own, possess, use sell or have under my control any deadly weapon or firearms.

6.   I will make diligent efforts to find and maintain legitimate employment and will support
     myself and legal dependents to the best of my ability.

7.   I will keep my Parole Officer informed at all times as to where I reside and work; and, in
     the event that I lose my employment or change my place of residence, I will immediately
     notify my Parole Officer.

8.   I will not enter into any agreement to act as an informer or special agent for any law
     enforcement agency.

9.   I will obey all laws and will personally report to my Parole Officer, at my earliest
     opportunity, any arrest or other involvement with law enforcement authorities.

10.  I will cooperate fully with the Board and those responsible for my supervision. I will carry
     out the instructions of my Parole Officer and report as directed, knowing that failure to do
     so may, at the discretion of the Board of Parole, be sufficient to cause my return to the
     institution.

**SPECIAL CONDITIONS:**          **NARCOTICS SURVEILLANCE**

          I have read or had read to me the conditions of my release and understand that my
failure to comply with any one of them may be considered a violation of my release for which I
am subject to be returned as a violator.
          I hereby agree to abide by and comply with all of the conditions of parole as stated above.

_____        _____        _____

Signature of Parolee                D.C.D.C.                Date


_____        _____        _____

Signature of Witness                Title                  Date

**EXHIBIT O**



**Court Services and Offender Supervision Agency**
**for the District of Columbia**
*Community Supervision Services*
*General Supervision Branch*

RECEIVED
JUL 9 2002
US PAROLE COMMISSION

### REPORT OF ALLEGED VIOLATION(S)

July 8, 2002

TO:          'United States Parole Commission'
FROM:        Calvin Smith                    **Unit:**        Team 17
             Community Supervision Officer    **Telephone:**   202-508-1880

Client:      Antonio Worrell                 **FBI #:**        383518R
DCDC #:      190-288                         **PDID #:**       263-694

Action Recommended:    Warrant

**Sentencing Information:**

On 7/26/94, Mr. Worrell was sentenced to 90 days for Attempted Prison Breach. He was mandatorily released to a detainer warrant in Moore County, NC on 5/11/98. His full term date is 1/8/2006.

**Violations:**

Mr. Worrell violated the law in violation of release condition #9. He was arrested on 6/12/02 for Carrying Pistol without a License/Felon in Possession of a Firearm, Unregistered Handgun, Unregistered Ammunition, and Fugitive from Justice in docket #F03797-02. On 6/14/02 the case was Certified to U.S. Magistrate and he is being held with no bond. The attached supporting evidence is the MPD 163 report.

Mr. Worrell illegally used controlled substances in violation of release condition #4. On 6/13/02 Mr. Worrell tested positive for cocaine and opiates. The attached supporting evidence is the PRISM printout.

**Case Summary:**

Mr. Worrell was mandatorily released to a detainer warrant in Moore County, NC on 5/11/98. Mr. Worrell never reported for community supervision once released from Moore County, NC. He is currently being charged with Carrying Pistol without a License/Felon in Possession of a Firearm, Unregistered Handgun, Unregistered Ammunition, and Fugitive from Justice in docket #F03797-02. He is considered a loss of contact and a danger to the community.

**Recommendation:**

A warrant is respectfully requested.

Respectfully Submitted,

*300 Indiana Avenue, NW, Washington, DC 20001*
*Voice: (202) 585-7474   Fax: (202) 585-7481*

K

Court Services and Offender Supervision Agency                                    Page 2

Signature: _____                    <u>July 8, 2002</u>
                 Calvin Smith, CSO                               Date

Approved By:

Signature: _____                    <u>July 8, 2002</u>
                 Warren Leggett Jr., SCSO                    Date


cc:

**<u>EXHIBIT P</u>**

# WARRANT
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Worrell, Antonio, Reg. No.14567-057, DCDC No. 190-288, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 17 years, 3 months, 90 days for the crime of Burglary II; UUV (2 counts); Attempted Prison Breach and was on May 8, 1998 released on parole from D.C. Dept. of Corrections with 2802 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on February 23, 2005

_____
U.S. Parole Commissioner

---

**Worrell, Antonio**
**Reg. No. 14567-057   DCDC No. 190-288**

U-1

**<u>EXHIBIT Q</u>**

```
   DSC72  540*23  *              SENTENCE MONITORING           *     04-17-2007
PAGE 001         *              COMPUTATION DATA              *     13:26:36
                                 AS OF 04-17-2007

REGNO..: 14567-057 NAME: WORRELL, ANTONIO M

FBI NO...........: 383518R3              DATE OF BIRTH: ████████████
ARS1.............: GIL/A-DES
UNIT.............: C                     QUARTERS.....: C04-110U
DETAINERS........: NO                    NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 01-24-2011

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  07-24-2011 VIA MAND REL

--------------------CURRENT JUDGMENT/WARRANT NO: 020 ----------------------

COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER..................: F65482/F1069395
JUDGE..........................: STEWART
DATE SENTENCED/PROBATION IMPOSED: 07-19-1982
DATE WARRANT ISSUED............: 02-23-2005
DATE WARRANT EXECUTED..........: 04-06-2006
DATE COMMITTED.................: 04-06-2006
HOW COMMITTED..................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED..............: NO
SPECIAL PAROLE TERM............:


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT: $00.00

-------------------------CURRENT OBLIGATION NO: 010 -----------------------
OFFENSE CODE....:   605
OFF/CHG: BURGLARY II; UUV; ATTEMPTED PRISON BREACH.

 SENTENCE PROCEDURE.............: DC CODE ADULT
 SENTENCE IMPOSED/TIME TO SERVE.:    17 YEARS       3 MONTHS
 NEW SENTENCE IMPOSED...........: 2626 DAYS
 BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
 DATE OF OFFENSE................: 02-01-1982




             MORE PAGES TO FOLLOW . . .
```

```
   DSC72  540*23 *          SENTENCE MONITORING        *    04-17-2007
PAGE 002 OF 002 *          COMPUTATION DATA           *    13:26:36
                              AS OF 04-17-2007

REGNO..: 14567-057 NAME: WORRELL, ANTONIO M


------------------------CURRENT COMPUTATION NO: 020 ------------------------

COMPUTATION 020 WAS LAST UPDATED ON 01-25-2007 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 01-25-2007 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 020: 020 010

DATE COMPUTATION BEGAN..........: 04-06-2006
TOTAL TERM IN EFFECT............:  2626 DAYS
TOTAL TERM IN EFFECT CONVERTED..:     7 YEARS      2 MONTHS      8 DAYS
EARLIEST DATE OF OFFENSE........: 02-01-1982

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 8
TOTAL SGT POSSIBLE..............: 690
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 07-24-2011
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: 12-15-2012
EXPIRATION FULL TERM DATE.......: 06-13-2013

NEXT PAROLE HEARING DATE........: 03-00-2010
TYPE OF HEARING.................: STATUTORY INTERIM HEARING

PROJECTED SATISFACTION DATE.....: 07-24-2011
PROJECTED SATISFACTION METHOD...: MAND REL




G0000       TRANSACTION SUCCESSFULLY COMPLETED
```

**EXHIBIT R**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTONIO WORRELL,                      :
    Petitioner                       :        Civil Action No. 07-328 (RBW)
                                     :        Judge Reggie B. Walton
    v.                               :
                                     :
JOHN CAULFIELD,                       :
    Respondent                       :

## DECLARATION OF AUGUSTUS FALLER

I, Augustus Faller, hereby and declare and state the following:

    1.    I am currently employed by the Federal Bureau of Prisons as Operations Manager at the Designation and Sentence Computation Center in Grand Prairie, Texas. Before assuming my present position, I worked as the Manager of the District of Columbia Records Center. I have been employed by the Federal Bureau of Prisons since August, 1989 and I have worked in the area of inmate sentence computation since August, 1991. In my current position, I am responsible for the sentence computation of felons convicted in Superior Court of the District of Columbia.

    2.    I have reviewed the sentence computation and Judgment and Commitment file maintained by this office on Inmate Antonio Worrell, Federal Register Number 14567-057.  On November 9, 1979, the petitioner originally was sentenced in Superior Court of the District of Columbia Case No. F4722-79 to a term of 16 months to 4 years incarceration for the offense of unauthorized use of motor vehicle (UUV). On January 24, 1980, the petitioner's probation was revoked in Superior Court Case No. 9525-77 and he was sentenced for the offense of second degree burglary to 0-12 years, to run consecutive to any other sentence being served. On April 23, 1980, the petitioner was sentenced in F5190-79 for the offense of unauthorized use of a

motor vehicle to a term of 5 to 15 months, to run consecutive to any other sentence. On April 29, 1980, an amended Judgment and Commitment Order was issued in F4722-79 and the petitioner was sentenced again to a term of 16 months to 4 years incarceration. On July 19, 1982, the petitioner was sentenced in F654-82 to a term of 18 months to 6 years for the offense of second degree burglary. After an intervening North Carlina sentence, the petitioner was sentenced on July 25, 1994, for the offense of attempted prison breach in F5212-94 to a term of 90 days, to run concurrently with his other sentences. On September 13, 1996, the petitioner was sentenced in F10693-95 to a term of 6 to 18 months for the offense of escape.

3.     If a Judgment and Commitment Order is silent as to whether a sentence is consecutive or concurrent with the petitioner's other sentences, the Bureau of Prisons treats this sentence as running consecutive to his other sentences, pursuant to D.C. Code § 23-112. I have reviewed Inmate Worrell's sentence computation and the sentences in Case No. 9525-77, F5190-79, F654-82, and F10693-95 were properly treated as consecutive sentences and have been aggregated with the original sentence in F4722-79. The sentence in F5212-94 has been calculated as a concurrent sentence by the Bureau of Prisons. Because the sentence in F5212-94 was concurrent, the petitioner has completed service of this sentence.

4.     The petitioner is currently serving the remainder of his sentence in F4722-79, Case No. 9525-77, F5190-79, F654-82 and F10693-95, with a full-term sentence date of June 13, 2013.

I declare under penalty of perjury and pursuant to Title 28, United States Code, Section 1746 that the above is true and correct to the best of my knowledge and belief.

Dated this _18th_ day of April, 2007.

/s/ Augustus Faller

Augustus Faller
Operations Manager
Designation and Computation Center

**<u>EXHIBIT S</u>**

```
DSC73  540.03  *          SENTENCE MONITORING          *    01-25-2007
               *     INDEPENDENT SENTENCE COMPUTATION   *    09:29:11

SENTENCE PROCEDURE:
SPT/PAR/MR VIOL...:      MAN SGT RATE:
TERM IN EFFECT YRS:     MOS:      DAYS:        OR LIFE/DEATH:
TIE CONVERTED  YRS:     MOS:      DAYS:
MINIMUM TERM   YRS:     MOS:      DAYS:
JAIL CREDIT    FROM: 05-10-1998  THRU: 07-17-2005 = 2626  DAYS
               FROM:             THRU:            =        DAYS
               FROM:             THRU:            =        DAYS
TOTAL JAIL CREDIT DAYS: 2626
INOP TIME      FROM:             THRU:            =        DAYS
               FROM:             THRU:            =        DAYS
TOTAL INOPERATIVE TIME DAYS:

                                 SGT RATE......:
DT SENT BEGAN:                   SGT TOTAL DAYS:
                                 STAT REL DT...:
                                 180 DAY DT....:
                                 PAROLE ELIG...:
                                 2/3 OR 30YR DT:
HARDCOPY Y/N: N                  EFT DT........:

G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

PAROLED 05-09-1998
PER PAROLE CERTS.

```
DSC73  540.03 *          SENTENCE MONITORING          *     01-25-2007
              *     INDEPENDENT SENTENCE COMPUTATION   *     09:27:50

SENTENCE PROCEDURE: 10    4205(A)REG ADULT
SPT/PAR/MR VIOL...: N    MAN SGT RATE:
TERM IN EFFECT YRS:      MOS:      DAYS: 4892   OR LIFE/DEATH:
TIE CONVERTED  YRS: 13   MOS: 4   DAYS: 20
MINIMUM TERM   YRS:      MOS:      DAYS:
JAIL CREDIT    FROM:               THRU:            =      DAYS
               FROM:               THRU:            =      DAYS
               FROM:               THRU:            =      DAYS
TOTAL JAIL CREDIT DAYS:
INOP TIME      FROM: 09-01-1993    THRU: 12-21-1993 = 112  DAYS
               FROM: 09-26-1995    THRU: 10-22-1995 = 27   DAYS
TOTAL INOPERATIVE TIME DAYS: 139

                                   SGT RATE.......: 10
DT SENT BEGAN: 10-09-1991          SGT TOTAL DAYS: 1606
                                   STAT REL DT...: 02-22-2001 THU
                                   180 DAY DT....: 01-18-2005
                                   PAROLE ELIG...: 08-10-1996
                                   2/3 OR 30YR DT: 01-27-2001
HARDCOPY Y/N: N                    EFT DT........: 07-17-2005

G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

DATE PAROLED FROM STATE
SENTENCE (SEE FACESHEET)

```
DSC73  540.03  *            SENTENCE MONITORING          *    01-25-2007
               *      INDEPENDENT SENTENCE COMPUTATION    *    09:26:43

SENTENCE PROCEDURE:
SPT/PAR/MR VIOL...:       MAN SGT RATE:
TERM IN EFFECT YRS:      MOS:       DAYS:        OR LIFE/DEATH:
TIE CONVERTED  YRS:      MOS:       DAYS:
MINIMUM TERM   YRS:      MOS:       DAYS:
JAIL CREDIT    FROM: 12-03-1983    THRU: 04-24-1997 = 4892   DAYS
               FROM:               THRU:            =        DAYS
               FROM:               THRU:            =        DAYS
TOTAL JAIL CREDIT DAYS: 4892
INOP TIME      FROM:               THRU:            =        DAYS
               FROM:               THRU:            =        DAYS
TOTAL INOPERATIVE TIME DAYS:

                                   SGT RATE......:
DT SENT BEGAN:                     SGT TOTAL DAYS:
                                   STAT REL DT...:
                                   180 DAY DT....:
                                   PAROLE ELIG...:
                                   2/3 OR 30YR DT:
HARDCOPY Y/N: N                    EFT DT........:

G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

PAROLED   12-02-1983

```
DSC73  540.03 *            SENTENCE MONITORING            *    01-25-2007
               *     INDEPENDENT SENTENCE COMPUTATION     *    09:25:39

SENTENCE PROCEDURE: 10   4205(A)REG ADULT
SPT/PAR/MR VIOL...: N   MAN SGT RATE:
TERM IN EFFECT YRS: 15  MOS: 2   DAYS: 21    OR LIFE/DEATH:
TIE CONVERTED  YRS: 15  MOS: 2   DAYS: 21
MINIMUM TERM   YRS:     MOS:     DAYS:
JAIL CREDIT    FROM: 02-01-1982   THRU: 07-18-1982 = 168   DAYS
               FROM:              THRU:           =        DAYS
               FROM:              THRU:           =        DAYS
TOTAL JAIL CREDIT DAYS: 168
INOP TIME      FROM:              THRU:           =        DAYS
               FROM:              THRU:           =        DAYS
TOTAL INOPERATIVE TIME DAYS:

                                 SGT RATE......: 10
DT SENT BEGAN: 07-19-1982        SGT TOTAL DAYS: 1827
                                 STAT REL DT...: 04-23-1992 THU
                                 180 DAY DT....: 10-26-1996
                                 PAROLE ELIG...: 02-27-1987
                                 2/3 OR 30YR DT: 03-27-1992
HARDCOPY Y/N: N                  EFT DT........: 04-24-1997

G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

A66 by w/ PV Term.
SEE PSIA.

```
DSC1T          *          SENTENCE MONITORING          *     01-25-2007
PAGE 001 OF 001 *    INDEPENDENT AGGREGATE TERM IN EFFECT *     09:08:11
```

ANCHOR SENTENCE.....,.:

```
        DCB: 07-19-1982   TIE: 6   -      -        EFT: 07-18-1988
```

CONCURRENT SENTENCES:

```
        DSI: 08-02-1982   TIE:    -    - 5548    EFT: 10-09-1997
        DSI:              TIE:    -    -         EFT:
        DSI:              TIE:    -    -         EFT:
        DSI:              TIE:    -    -         EFT:
        DSI:              TIE:    -    -         EFT:
        DSI:              TIE:    -    -         EFT:
        DSI:              TIE:    -    -         EFT:
        DSI:              TIE:    -    -         EFT:
        DSI:              TIE:    -    -         EFT:
```

AGGREGATE SENTENCE..::

```
                  TIE: 15  - 2   - 21      EFT: 10-09-1997
```

G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

CC NEG. Terms.



```
DSC73  540.03 *           SENTENCE MONITORING          *    01-16-2007
              *     INDEPENDENT SENTENCE COMPUTATION    *    08:44:08

SENTENCE PROCEDURE:
SPT/PAR/MR VIOL...:       MAN SGT RATE:
TERM IN EFFECT YRS:      MOS:      DAYS:        OR LIFE/DEATH:
TIE CONVERTED  YRS:      MOS:      DAYS:
MINIMUM TERM   YRS:      MOS:      DAYS:
JAIL CREDIT    FROM: 08-04-1981   THRU: 10-11-1996 = 5548  DAYS
               FROM:              THRU:            =        DAYS
               FROM:              THRU:            =        DAYS
TOTAL JAIL CREDIT DAYS: 5548
INOP TIME      FROM:              THRU:            =        DAYS
               FROM:              THRU:            =        DAYS
TOTAL INOPERATIVE TIME DAYS:

                                 SGT RATE......:
DT SENT BEGAN:                   SGT TOTAL DAYS:
                                 STAT REL DT...:
                                 180 DAY DT....:
                                 PAROLE ELIG...:
                                 2/3 OR 30YR DT:
HARDCOPY Y/N: N                  EFT DT........:

G0005     TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

```
DSC73  540.03 *           SENTENCE MONITORING           *    01-16-2007
              *     INDEPENDENT SENTENCE COMPUTATION     *    08:38:25

SENTENCE PROCEDURE: 10    4205(A)REG ADULT
SPT/PAR/MR VIOL...: N    MAN SGT RATE:
TERM IN EFFECT YRS: 16  MOS: 15  DAYS:       OR LIFE/DEATH:
TIE CONVERTED  YRS: 17  MOS: 3   DAYS:
MINIMUM TERM   YRS:     MOS:     DAYS:
JAIL CREDIT    FROM: 04-06-1979  THRU: 05-17-1979 = 42    DAYS
               FROM: 08-23-1979  THRU: 11-08-1979 = 78    DAYS
               FROM:             THRU:            =       DAYS
TOTAL JAIL CREDIT DAYS: 120
INOP TIME      FROM:             THRU:            =       DAYS
               FROM:             THRU:            =       DAYS
TOTAL INOPERATIVE TIME DAYS:
                                 SGT RATE......: 10
DT SENT BEGAN: 11-09-1979        SGT TOTAL DAYS: 2070
                                 STAT REL DT...: 02-10-1991 SUN
                                 180 DAY DT....: 04-14-1996
                                 PAROLE ELIG...: 04-10-1985
                                 2/3 OR 30YR DT: 01-08-1991
HARDCOPY Y/N: N                  EFT DT........: 10-11-1996

G0005     TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

ORIGINAL

**EXHIBIT T**

 

ADP Form 19 DCDC-7-70

## DISTRICT OF COLUMBIA
## DEPARTMENT OF CORRECTIONS
## FACE SHEET No. 2

Date Prepared
7-25-94
(Mo., Da., Yr.)

| DCDC Number | Name (Last, First, Middle) | | | | | | Race | Sex |
|---|---|---|---|---|---|---|---|---|
| 190288 | | | Worrell, Antonio | | | | | |
| Height | Weight | Build | Eyes | Hair | Age | Birth Date | Place of Birth | |

| | | |
|---|---|---|
| **Offense** | DCPV (UUV, Burg.II) | Att. Prison Breach |
| **Case Number** | | F5212-94 |
| **Sentence** (Yrs., Mos., Days) | Owes 5,062 days | 90 days conc. |
| **Warrant Executed / Sentence Begins** (Mo., Da., Yr.) | 10-18-91 <br> 10-9-91 | 7-25-94 |
| **Full Term Date** (Mo., Da., Yr.) | 8-17-2005 | ~~10-22-94~~ NA |
| **Short Term / M.R. Date** (Mo., Da., Yr.) | 1-27-2001 | 10-7-94 |
| **Parole Eligibility Date** (Mo., Da., Yr.) | PV | None |
| **Max. Supervision Date** (Mo., Da., Yr.) | N/A | N/A |
| **Statutory Good Time Rate / Month** | 1663 days | 15 days |
| **Plea** | | Guilty |
| **Committing Judge** | | |
| **Defense Attorney** | | |
| **Initialed By:** | | JP |

### DETAINERS

| Date Filed | For | Action |
|---|---|---|
| | | |
| | | |

### CONDUCT CREDITS

| Date | Credits | Forfeit | Restore | Balance |
|---|---|---|---|---|
| 9-17-92 | 3 days | | | |
| | | | | |

### JAIL CREDIT DATES

| From and Including | To and Including |
|---|---|
| Street time not applicable | |
| | |
| | |
| | |

### REMARKS

Deft. paroled from North Carolina on 10-8-91

Inoperative escape time 9-1-93 to 12-21-93 =

Void face sheet dated 11-18-91

**YELLOW COPY TO ADP**