UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JAN 1 ⁖ 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ANTONIO WORRELL,                    )
                                    )
        Petitioner,                 )
                                    )
    v.                              )   Civil Action No. 07-0328 (RJL)
                                    )
JOHN CAULFIELD et al.,              )
                                    )
        Respondents.                )
                                    )

MEMORANDUM OPINION
January _15_ 2008

In this action for a writ of *habeas corpus*, petitioner challenges the Bureau of Prisons'

("BOP") calculation of his sentences.  Specifically, he asserts that BOP is running his

sentences imposed by the Superior Court of the District of Columbia consecutively when they

should be running concurrently.  Based on the parties' submissions and the entire record, the

Court finds no grounds for issuing the writ and therefore denies the petition.

## I. FACTUAL BACKGROUND

On August 3, 1977, petitioner was sentenced in case number 9525-77 to three to 12

years' imprisonment for Burglary II, but the court suspended execution of the sentence and

placed petitioner on probation for five years.  United States' Supplemental Opposition to

Petitioner's Petition for a Writ of Habeas Corpus ("Supp. Opp."), Ex. A.  Meanwhile, on

November 9, 1979, in case number F4722-79, petitioner was sentenced to 16 months to four

years' imprisonment for Unauthorized Use of a Vehicle ("UUV").  *Id.*, Ex. B.[1]  Thus, the

---

[1]   The commitment order was amended on April 29, 1980, to reflect "credit for time
served in case # F1982-79 (April 7, 1979 thru May 17, 1979)."  *Id.*, Ex. E. That case is not at
issue here.

court revoked petitioner's probation and on January 24, 1980, resentenced him on the

Burglary II conviction to a prison term of zero months to 12 years' imprisonment "to run

consecutive with any other sentence now being served." *Id.*, Ex. C; Pet. at 5. On April 23,

1980, petitioner was sentenced in case number F5190-79 to a prison term of five to 15 months

for UUV "to run consecutive to any sentence presently being served." Supp. Opp., Ex. D.

On July 25, 1994, petitioner was sentenced in case number F5212-94 to 90 days for Attempted

Prison Breach "to run concurrent to any other sentence." *Id.*, Ex. G.

Petitioner filed this action on February 9, 2007. Although petitioner is no longer

confined within this judicial district, the Court maintains jurisdiction over the petition because it

was filed during petitioner's confinement at the District of Columbia's Correctional Treatment

Facility. *See Blair-Bey v. Quick*, 151 F.3d 1036, 1039 n.1 (D.C. Cir. 1998) ("habeas jurisdiction

as a general matter continues to be in the district where the prisoner was incarcerated at the time

the habeas petition was filed") (citation omitted).

## II. DISCUSSION

A District of Columbia prisoner is entitled to habeas relief upon a showing that he is "in

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2241(c). The respective commitment orders provided in respondent's supplemental opposition

demonstrate that petitioner's sentence has been properly calculated. Indeed, the calculation is

consistent with petitioner's claim that his "full sentence is 17 years, 3 month[s]." Pet.'s Res.

[Dkt. No. 13] at 1.

Apparently recognizing the failure of his original claim, petitioner now seeks through an

amended petition to vacate the 12-year sentence imposed in case number 9525-77 (Burglary II)

2

and to "terminate" the four-year sentence imposed in case number F4722-79 (UUV). Pet.'s

Motion to Amend [Dkt. No. 16]. Challenges to a Superior Court sentence must be pursued,

however, in that court under D.C. Code § 23-110. *See Blair-Bey v. Quick*, 151 F.3d 1036,

1042-43 (D.C. Cir. 1998); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997). Absent

a showing that the local remedy is inadequate or ineffective, "a District of Columbia prisoner

has no recourse to a federal judicial forum" to challenge his sentence. *Garris v. Lindsay*, 794

F.2d 722, 726 (D.C. Cir. 1986), *cert. denied*, 479 U.S. 993 (1986) (internal footnote

omitted). Petitioner has not claimed to have pursued relief in Superior Court, nor has he

claimed that the local remedy under D.C. Code § 23-110 is inadequate or ineffective. This

Court therefore lacks jurisdiction to entertain the amended claim.

For the foregoing reasons, the petition for a writ of *habeas corpus* and petitioner's

motion to amend are denied. A separate Order accompanies Memorandum Opinion.

RICHARD J. LEON
United States District Judge